*680
SUMMARY ORDER

Jian Yuan Wang, a native and citizen of the People’s Republic of China, seeks review of a May 27, 2008 order of the BIA, affirming the January 18, 2007 decision of Immigration Judge (“IJ”) Barbara A. Nelson, who denied Wang’s applications for asylum, -withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jian Yuan Wang, No. A99 670 388 (B.I.A. May 27, 2008), aff'g No. A99 670 338 (Immigr. Ct. N.Y. City Jan. 18, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
As a preliminary matter, because Wang has failed to challenge before this Court the agency’s denial of his claims for withholding of removal and CAT relief, and because addressing those claims does not appear to be necessary to avoid manifest injustice, we deem those claims waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).
We find that substantial evidence supports the agency’s adverse credibility determination. As the IJ noted, Wang testified that he was arrested, detained, interrogated, and beaten on two occasions in China on account of his Falun Gong activities, but omitted this information in his asylum application. When asked to explain the omission, Wang gave several non-responsive answers before finally stating, “I did not mention it, did I.” The IJ then stated that Wang had in fact indicated in his asylum application that he had not been “arrested, detained, [or] interrogated” in China. When asked why his testimony contradicted his application, Wang failed to offer any explanation. The IJ reasonably concluded that this significant discrepancy undermined the very basis of Wang’s asylum claim. See Ramsameachire v. Ashcroft, 357 F.3d 169, 182 (2d Cir.2004); see also Yun-Zui Guan, 432 F.3d at 398 (“[Wjhere ... a petitioner has provided two distinct, non-overlapping accounts of persecution, .... an IJ must ... rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses.”).[1]
The IJ’s adverse credibility determination also rested partly on the fact that, while Wang testified that he joined an organization in China where the practice of *681 Falun Gong was discussed, he indicated on his asylum application that he was never a member of any organization in China. After being asked several times to explain this discrepancy, Wang testified, “I very seldom joined and very seldom went.” Likewise, Wang testified that he never practiced Falun Gong in China because he was too busy with school. However, he also testified that he stopped attending school 10 months before he departed for China for the United States. When asked why he did not practice Falun Gong during the 10 months he remained in China after he left school, he replied, “I hung out at home ... and with my friends, too.” Standing alone, these additional discrepancies may not necessarily be indicative of a lack of credibility. However, “[cjonsidering the totality of the circumstances,” they become more substantial. See 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, the IJ’s decision to weigh these discrepancies in reaching her adverse credibility determination was not in error. See id.; see also Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). Substantial evidence supports the agency’s adverse credibility determination. See 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Wang argues that the addendum he submitted to the IJ on the day of his merits hearing contains information regarding his two arrests in China, and that the discrepancy relied upon by the agency is, therefore, non-existent. We find this argument unavailing because the IJ properly exercised her discretion in refusing to admit the addendum into evidence, as its submission was untimely and Wang offered no reason, much less a good one, for its lateness. Cf. Dedji v. Mukasey, 525 F.3d 187, 192-93 (2d Cir.2008). Moreover, the IJ reasonably found that the addendum served only to further undermine Wang's credibility. See Xu Duan Dong v. Ashcroft, 406 F.3d 110, 111-12 (2d Cir.2005) (holding that where petitioner eventually alleged, in a brief affidavit supplementing his asylum application, a previously omitted material fact, such a delay "strains credulity.'' (ellipses omitted)).